ALBANY,
Jan. 1814.

SMITH *against* SANBORN.

'THIS was an action of *assumpsit* on a memorandum or agree-ment, dated the 20th of *December*, 1810, by which the defendant agreed and promised to pay the plaintiff eight dollars an acre for each and every acre contained in the south equal half part of lot No. 68. in the fifth township, &c. containing 125 acres, or thereabouts; the estimated sum amounting to one thousand dollars, of which three hundred dollars were to be paid on or before the 20th of *April*, 1811, and the residue on or before the 20th of *April*, 1812, with the lawful interest, annually, to be computed from the 6th of *November*, 1810; and in case default should be made in either of the said payments, as stipulated, the defendant agreed and promised to pay the plaintiff nine dollars for each and every acre of land, &c. on or before the 20th of *April*, 1813, with lawful interest annually, to be cal-culated from the 6th of *November*, 1810, in consideration of which, and upon payment of the several sums of money, prin-cipal and interest aforesaid, the plaintiff agreed and promised to convey to the defendant, in fee-simple, the said south equal half part of lot No. 68., &c. And further, that if default should be made on the part of the defendant in *any* of the payments stipu-lated to be made at the periods above mentioned, the plaintiff should be fully and entirely acquitted of any obligation to fulfil any articles of the memorandum, and it should be considered as null and void.

The cause was tried at the *Oneida* circuit, in *June*, 1813, be-fore Mr. Justice *Yates*.

At the trial, the defendant insisted that the agreement, by its terms, was void and at an end, as no payments had been made thereon; but if not void, no action could be sustained on the agreement until after the 20th of *April*, 1813, and this action had been commenced before that time. But the judge overruled the objections, and a verdict was taken for the plaintiffs for 1,192 dollars and 50 cents, being the amount of principal and interest, estimating the land at eight dollars per acre.

SMITH
v.
SANBORN.

A agreed to pay B. *eight* dollars anacre for land,intwo several pay-ments, at dif-ferent days, and in case of default in ei-ther of the payments, A. agreed to pay B. *nine* dollars per acre, at another and further speci-fied time; and B. agreed, on payment of principal and interest, &c. to convey the landinfee-sim-ple to A, and in case of de-fault on the part of A. in *any*of the pay-ments stipula-ted, it was a-greed that B. should be ac-quitted from theagreement and that it should be con-sidered null and void.
After a de-fault in the payment of the sums at the days first stipulated for the payment at eightdollars an acre, and before the fur-ther specified day at which A. was to pay at the rate of nine dollars per acre, B. brought an ac-tion on the a-greement to

recover the amount at the rate of eight dollars an acre. It was held that A. had his election to pay at the rate of eight dollars an acre at the time specified, or to pay at the rate of nine dollars an acre at the further time specified, and as that day had not arrived when the suit was commenced, the action could not be maintained  In alternative obligations, the debtor, or defendant, has the right of election  Whether the last provision in the agreement did not render the contract, of itself, null and void, *quære?*

ALBANY,
Jan. ·814.

SMITH
v.
SANBORN.

A motion was made to set aside the verdict, and for a new trial, on the above case, which was submitted to the court without argument.

*Per Curiam.* This appears to have been an alternative obligation, and the defendant had his election to pay at the rate of eight dollars an acre by certain times, or to pay nine dollars an acre by another specified time, and which last time had not arrived when the suit was commenced. The right of electing the alternative belonged to the defendant. This appears by the case of *M'Nitt* v. *Clarke,* (7 *Johns. Rep.* 465.) and the authorities there referred to. The right of election by the debtor in all alternative obligations, was also a principle in the *civil law,* and the passages in support of it are collected by *Pothier.* (*Traité des Obligations, n.* 246, 247.) The plaintiff, therefore, on this point ought to have been nonsuited at the trial.

Whether the whole contract was not from the beginning a *felo de se,* and null and void by reason of the last provision in it, has also been made a question. But it is unnecessary to give an opinion on that point in the present suit. It may be more maturely considered if the contract should again be brought before the court in a new suit.

The verdict must be set aside, and a judgment of nonsuit entered.

Judgment of nonsuit.