NASHUA AND LOWELL RAILROAD CORPORATION *vs.* WILLIAM G.
NUTTING & another.

An agreement by B. to pay A. certain prices for stone " to answer on a note" previously
made by A. to B., imposes no obligation on A. to deliver the stone instead of paying the
amount of the note in money; and if he elects to deliver stone, he must deliver it at B.'s
residence or place of business.

ACTION OF CONTRACT to recover for the transportation of a
quantity of stone from Mason, N. H. to Lowell.

At the trial in the court of common pleas in Middlesex at
December term 1858, before *Sanger*, J., it appeared that the
stone was consigned to Leonard Robinson & Co., under a con-
tract in writing, by which " L. Robinson & Co. agree to pay
William G. Nutting the following prices for granite stone,
to answer on a note for sixty days from date, of three hundred
dollars; also on a note for ninety days, same date, of three
hundred dollars;" and specifying the prices. The verdict was
for the defendants; and the plaintiffs alleged exceptions, the ma-
terial parts of which are stated in the opinion.

*A. R. Brown*, for the plaintiffs.

*A. P. Bonney*, for the defendants.

MERRICK, J. The written instrument, dated July 22d 1854,
signed by L. Robinson & Co., and produced in evidence by the
defendants upon the trial, cannot, upon any proper and legal
construction of its contents, be regarded either as a contract of
sale, or a contract for the employment of William G. Nutting in
procuring stone from the quarry. On the contrary, it is simply
an agreement on the part of Robinson & Co. that they will
accept, in payment of the two notes held by them against the
defendants, granite stone of the dimensions and at the rates of
prices mentioned in it. This was a stipulation of which William
G. Nutting was at liberty to avail himself; but it imposed upon
him no obligation whatever to procure or deliver such granite
stones to Robinson & Co. If the makers of the notes preferred
to pay them at maturity in money, they were left perfectly at
liberty to do so; and this being done, no further promise re-
mained to be performed on their part. Robinson & Co. could

have no further claims upon them. They could maintain no action against either of the defendants to recover damages for the non-delivery of such stone as is described in the written instrument. In substance, they merely consented to accept payment of their notes in specific articles of the quantity and dimensions described, if such should be delivered and paid to them for that purpose. But no corresponding obligation was assumed by either of the defendants, that they would procure and deliver the stone, or make payment of their notes in anything but money.

In this view of the meaning and effect of the written instrument, it is obvious that the instructions of the presiding judge, who treated and spoke of it as a contract obligatory on both parties, were erroneous. He advised the jury that, as the contract specified no place of delivery, the stone mentioned in it was to be delivered by the defendants to Robinson & Co. at the quarry where it should be got out, and that they were obliged to accept it there. But this was not the right of the former, or the obligation of the latter. If the defendants intended to avail themselves of the privilege given them to pay their notes in stone, instead of money, they could do so only by delivering or tendering it to the payees at their residence or place of business in Lowell, unless, by their permission or consent, the delivery was to be made in some other designated place. Until such tender or delivery, the property in the stone got out at the quarry by the defendants remained in them. And when they placed the blocks or parcels of it upon the cars, or in the possession of the officers or agents of the railroad company, with directions to have it transported to Lowell and there delivered to Robinson & Co., they were responsible to the carriers for the freight of it to that city.

The exceptions of the defendants must therefore be sustained, and a new trial granted. The conclusions at which we have arrived in reference to the legal construction and effect of the written instrument above mentioned, and the responsibilities of the parties resulting therefrom, render it unnecessary to consider any of the other questions presented in the bill of exceptions.                                *Exceptions sustained.*