52  491<br>53a 569<br>52  491<br>90a ²602

George Metz *et al.*

*v.*

Jacob Albrecht.

1. CONTRACT OF SALE—*time of payment.* Under a contract for the sale and delivery of chattels, which is silent as to the time of payment, the inference is, the money is to be paid on delivery of the property sold.

2. SAME—*construction of a contract, in that regard.* A contract was as follows: "I, the undersigned, Jacob Albrecht, of Ohio Town, have to-day sold 10,000 bushels good barley, according to samples Nos. 1 and 2, to Metz & Stege, in Chicago, at one dollar per bushel. I promise to deliver the above quantity in such a manner that one thousand bushels shall be delivered each week:" *Held,* there being no time specified when the money should be paid, the proper construction is, the delivery of the grain and the payment of the money were concurrent.

3. SALES—*readiness of purchaser to pay.* In case of a sale of goods to be paid for on delivery, in order that the buyer may recover damages for non-delivery, it is incumbent on him to prove he was ready to receive and pay for the goods as delivered, and upon request for payment. This is the doctrine applicable to all cash sales.

4.  SAME—*where two qualities of goods are sold, and the quantity of each not specified.*  Where a party sold and agreed to deliver "ten thousand bushels barley, according to samples Nos. 1 and 2," it was *held*, Nos. one and two barley, the copulative conjunction being used, is the kind spoken of, and the quantity of each not being specified, it was at the option of the seller how much of each kind he would deliver.

5.  ALLEGATIONS AND PROOFS—*must correspond.*  In every case, a party suing must recover on his allegations and proofs.  So, in an action to recover damages for non-delivery of grain purchased by the plaintiff, where the contract provided for the delivery of the grain in installments at different times, if the declaration was framed on the theory that payment was to be made only on the delivery of the whole quantity bought, the plaintiff can not recover upon a contract under which payment was to be made on the delivery of each installment of the grain.

6.  PLEADING—CONSTRUCTION THEREOF.  Upon a contract for the sale of ten thousand bushels of barley, to be delivered in such manner that one thousand bushels should be delivered each week, in an action, by the buyer, for non-delivery of the grain, it was alleged in the declaration that the plaintiff had "promised the defendant to accept and receive the said goods, and to pay him for the same at the price aforesaid," "and although said time for the delivery of said goods as aforesaid, hath long since elapsed, and the plaintiff has always been ready and willing to accept and receive the said goods, and to pay for the same at the rate or price aforesaid," yet the defendant had not, within the time stipulated, or at any time, delivered the grain, except a certain portion of it:  *Held*, that the true meaning and legal effect of the .count was, that payment was to be made on the delivery of the whole ten thousand bushels, and not on the delivery of each weekly installment.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action of assumpsit, the declaration in which contained several counts, but substantially alike, so far as concerns the questions arising thereon.  The first count was as follows:

"George Metz and Edward Stege, plaintiffs, complain of Jacob Albrecht, the defendant, who is summoned, &c., of a plea of trespass on the case on promises; for that whereas heretofore to-wit: on the twenty-fifth day of August, A. D.

1867, at Chicago, in said county of Cook, the said plaintiffs, at the special instance and request of the said defendant, bargained with the defendant to buy of the defendant, and the defendant then and there sold to the plaintiffs a large quantity of goods, to-wit: ten thousand bushels of barley—Nos. 1 and 2—according to sample, at the price of one dollar per bushel, to be delivered by defendant to the plaintiffs at Chicago, aforesaid, in such quantities that the said plaintiffs should receive of the said barley one thousand bushels per week, for the ten weeks next after the making of said contract, as aforesaid, until the full amount of said barley should be delivered, as aforesaid, and in consideration thereof, and that the plaintiffs, at the like special instance and request of said defendant, had then and there promised the defendant to accept and receive the said goods and to pay him for the same at the price aforesaid, he, the defendant, promised the plaintiffs to deliver the said goods to the plaintiffs, as aforesaid, and although the said time for the delivery of the said goods, as aforesaid, hath long since elapsed, and the plaintiffs have always been ready and willing to accept and receive the said goods, and to pay for the same at the rate or price aforesaid, to-wit, at Chicago, in the said county of Cook, whereof the said defendant hath always had notice, yet the defendant, not regarding his said promises, did not nor would, within the time aforesaid, or at any time afterwards, deliver the said goods, or any part thereof, for the plaintiffs at Chicago, aforesaid, or elsewhere, except the sum of eight hundred bushels, and has otherwise wholly neglected and refused to deliver said goods, or comply with his said agreement, whereby the plaintiffs have lost and been deprived of divers great gains and profits, which might and otherwise would have arisen and accrued to them from the delivery of the said goods to the said plaintiffs as aforesaid, to-wit: at Chicago, in said county of Cook, and to the damages of said plaintiffs of four thousand dollars, and therefore bring suit."

One of the questions in the case arises on the proper construction of the declaration—whether its legal effect is, that payment was to be made for the barley only on the delivery of the whole ten thousand bushels sold, or upon the delivery of each weekly installment.

Mr. H. Barber, for the appellants.

Mr. Milton T. Peters, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action of assumpsit, brought to the Cook circuit court, by George Metz and Edward Stege against Jacob Albrecht, for damages occasioned by the failure of the defendant to deliver to plaintiffs a certain quantity of barley he had contracted to deliver to plaintiffs. The pleas were, *non assumpsit* and set-off. There was a verdict and judgment for the defendant to the amount of his set-off, to reverse which plaintiffs bring the record to this court. .

The principal points are made upon the instructions. Some controversy is made upon the construction of the contract—the defendant alleging he sold the barley for cash on delivery ; the plaintiffs, that the sale was on credit.

It appeared, from the plaintiffs' books, there was due the defendant for barley delivered by defendant, under the contract, eight hundred and seventy-one dollars ninety cents.

This was the contract: " I, the undersigned, Jacob Albrecht, of Ohio Town, have to-day sold ten thousand bushels good barley, according to samples Nos. 1 and 2, to Metz & Stege, in Chicago, at one dollar per bushel. I promise to deliver the above quantity in such a manner that one thousand bushels shall be delivered each week."

It appears that defendant had, prior to this contract, delivered quantities of barley to plaintiffs, for which they had a settlement, and they testified on the trial that they were to

pay for the barley as they had for that before delivered, and that was, cash when they had it, and if they did not have it, give notes. One witness said they were to give notes at thirty or sixty days if they had no money.

The defendant testified, the plaintiffs were to pay him for the barley as fast as each car load was delivered, and at the time the plaintiffs brought their action, they owed him, on the contract, eight hundred and seventy-one dollars ninety cents, being the value of two car loads delivered. When the suit was commenced, he had another car load in the city ready to be delivered upon the contract, and offered to deliver it to plaintiffs before the suit was commenced if they would pay him for it, and for the other two car loads. At the same time, he demanded the amount due him, which they refused to pay, and refused to pay for the car load then on hand, which he kept two weeks awaiting the plaintiffs' demand if they should conclude to pay him. He also stated that Metz, one of the plaintiffs, told him, before he commenced delivering the barley, that No. 2 delivered on the contract would be as satisfactory as No. 1; that it would answer their purpose equally as well.

Several letters from the plaintiffs to defendant, of rather an apologetic tone, were in evidence.

There is nothing said in the contract about payment for the barley, and the inference must be, as when any article is sold, that the money was to be paid on delivery, and this is the weight of the testimony, and plaintiffs' letters lead to the same conclusion. The parties seem to have given that construction to the contract, and we think it is the proper construction. The delivery of the grain and the payment of the money were concurrent.

The uncontradicted evidence shows the plaintiffs were largely in arrears when they brought their action, and that defendant demanded payment, which they refused.

The plaintiffs complain, that the court refused to give the instruction asked by them, but in lieu thereof gave the following, which they insist is erroneous:

496    METZ *et al. v.* ALBRECHT.    [Sept. T.,

Opinion of the Court.

"That if the jury believe, from the evidence, that the defendant contracted with the plaintiffs, at the time alleged, to deliver to them, at Chicago, ten thousand bushels of barley—five thousand thereof to be such as was known as No. 1, and five thousand bushels of such as was known as No. 2, at the price of one dollar per bushel, the same to be delivered so that the plaintiffs should receive thereof the quantity of one thousand bushels per week, for the ten weeks next ensuing after the making of the contract, 'and to be paid for after the whole was delivered;' and they further find that defendant, without any fault on the part of the plaintiffs, 'the plaintiffs being willing and ready to pay for the same,' failed to deliver all or any portion of said barley according to the terms of the contract with plaintiffs, then the plaintiffs are entitled to recover such damages as they may have shown themselves to have sustained in consequence of the failure of said defendant to keep his contract, and deliver the barley at the time specified.

"If the jury believe, from the evidence, that defendant made with plaintiffs such a contract for the delivery of barley as is set forth in either of the counts of the plaintiffs' declaration, and that the plaintiffs were ready and willing to receive said barley, and pay for the same in accordance with the contract, and the defendant failed to perform his contract without fault on the part of the plaintiffs, then the defendant is liable to damages for such breach of the contract on his part, and the rate of damages is the difference between the contract price and the market value of the barley at the time the said barley should have been delivered under the contract."

These instructions, we think, state the law of the case very fairly for the plaintiffs, and do not differ very essentially from the one asked. They bring fairly before the jury the true points in controversy, and were all the plaintiffs could ask.

Plaintiffs also complain, that instructions numbered one, two, three, four and six, given for the defendant, are erroneous

in assuming that the contract was to pay on delivery. This, we have said, is the true construction of the contract, and it was incumbent on the plaintiffs to prove they were ready to receive and pay for the barley as delivered, and upon request for payment. The second instruction proceeds upon the ground, that if the plaintiffs, had the barley been delivered, were not prepared with the money to pay for ten thousand bushels upon reasonable request for payment, the defendant was not in default so as to entitle the plaintiffs to claim damages for such non-delivery.

This instruction but applies the doctrine applicable to cash sales, which this was, and was unobjectionable.

To the third, there can be no serious objection, for, if the hypothesis thereof be correct, the plaintiffs could not recover, because they had made no such case in the declaration. The true meaning and legal effect of all the counts is, that payment was to be made on the delivery of the whole ten thousand bushels.

This being so, the evidence did not support the declaration, and the attention of the jury was properly called to that point. In every case, a party suing must recover on his allegations and proofs.

Instruction six is not obnoxious to the criticism applied to it. Nos. one and two barley—the copulative conjunction being used—is the kind spoken of in it, and if the quantity of each was not specified, then it was at the option of defendant how much of each kind he would deliver.

From the whole record, we are of opinion justice has been done. The evidence sustains the verdict, and the instructions are right. The judgment must be affirmed.

*Judgment affirmed.*