White, J.
The only question arising in the case that we deem it necessary to -notice, is that relating to the readiness of the plaintiff to receive and pay for the grapes.
The court fell into error in regarding the answer as setting up new matter by way of defense. No reply was necessary, and the filing of the reply did- not affect the legal issues, arising on the petition and answer.
*107 The answer denied the making of the agreement upon which the petition was founded; and the averments in the answer, setting up a different agreement, were immaterial. There was no controversy as to the delivery of the twelve stands of grapes; the dispute was whether an agreement had heen entered into between the parties, as alleged in the petition, for the sale and delivery of the entire crop. If the plaintiff failed to establish such agreement, he could not recover.
The petition averred that the plaintiff was ready to receive the entire crop, and to pay for them according to the terms of the agreement. This averment was put in issue by the answer; and the effect of the charge was to withdraw the issue thus fprmed from the jury.
The issue was material. In order that the buyer may recover damages for the non-delivery of goods, it is incumbent on him to prove that he was ready to receive and pay for them as delivered. Metz v. Albrecht, 52 Ill. 491; Benjamin on Sales, § 677.
Nor is the buyer relieved of this duty by the fact that the making of the agreement sued on is denied. Graudy v. McCleese, 2 Jones (N. C. L.) 142; Graudy v. Small, 3 Id. 8; Mowry v. Kirk, 19 Ohio St. 383.

Judgment reversed, and cause remanded for a new trial.