Illinois Glass Co. v. Three States Lumber Co.

---

## Illinois Glass Co. v. Three States Lumber Co.

1. PLEADING—*When Conclusions of the Pleader are Surplusage.*—When the instrument upon which the action is brought is set out *in haec verba* in the declaration, and is not ambiguous, it is for the court to determine its legal effect, and any averment of the pleader as to its legal effect is surplusage and does not affect the preceding material allegations of the pleading.

2. CONTRACTS—*Binding upon One Side Only.*—Parties may make contracts binding only on one side at the time when entered into, but which may thereafter become binding on both sides at the option of one of the parties.

3. SAME—*Construction Where the Language has a Settled Legal Meaning.*—Where there is no ambiguity in the terms used, or where the language of the instrument has a settled legal meaning, the instrument itself is the only criterion of the intention of the parties, and its construction is not open to oral evidence.

Assumpsit, on a breach of contract. Appeal from the Circuit Court of Alexander County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

**Statement.**—This action is assumpsit, brought by appellant against appellee, to recover damages for the breach of a contract between the parties for the sale of lumber by appellee to appellant which appellant claims appellee refused to keep and perform.

The contract is in writing and is of tenor as follows:

"Alton, Ill., July 21st, 1896.
Three States Lumber Company, Cairo, Ill.

Gentlemen:—Please enter our order for 3,000,000 to 4,000,000 feet of one-inch cottonwood lumber, same quality and grade as sample car submitted. This lumber to be delivered as wanted between Sept. 1st, '96, and January 1st, '98. Price of the lumber to be $9.25 per thousand, f. o. b. cars at Cairo. Terms. 60 days net, or two per cent discount for cash in ten days. It is understood that in case of fire, strike, or any other unavoidable accident that will cause stoppage of our furnaces, the date of delivery of the entire order of lumber is to be extended to suit our convenience.

Illinois Glass Company,
Accepted:                                Per Chas. Levis.
Three States Lumber Company,
            Per F. E. Creelman, V. P."

Plaintiff's declaration as originally filed, consisted of four special counts and the common counts, but the latter were subsequently *nol prosd* by plaintiff, who afterward filed " five additional " special counts. Each count sets out the contract *in haec verba*, and avers a demand by plaintiff for the delivery by defendant of 4,000,000 feet of lumber within the time provided by the contract for its delivery. In several of the counts it is alleged that the place of delivery of the lumber was Alton, " where the contract was made."

It is averred in each count of the declaration that the amount of lumber delivered was a specified number of feet, which in each instance, was upward of 1,200,000 feet less than 4,000,000, the deficiency being less in some counts than in others, the least deficiency being 1,260,255 feet. To the declaration, and to each count, defendant demurred; the court sustained the demurrer, and, plaintiff abiding by its declaration, judgment was rendered against it for costs, and plaintiff has brought the case here by appeal, and

assigns for error the judgment of the court in sustaining defendant's demurrer to the declaration as well as the judgment against plaintiff for costs.

GREEN & GILBERT, attorneys for appellant.

LANSDEN & LEEK, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

It is to be regretted that the record comes here in its present shape, as we are somewhat uncertain as to the course to pursue in disposing of the case.

If we reverse the judgment and remand the cause for the reason that the plaintiff avers, in effect, in its declaration, that the defendant did not deliver free on board the cars at Cairo, 3,000,000 feet of lumber, by at least 260,255 feet (and defendant by its demurrer admits this allegation to be true), and refuse to go further, as we may do, we shall not have touched the case as argued by counsel on either side, since the counsel on both sides seem to assume that plaintiff's lengthy counts in its declaration have in some way changed its cause of action as stated in the pleadings, so as to have made it different to what it would have been had the unnecessary verbiage in the several counts been omitted. In this view, we think the counsel are mistaken. When the instrument on which the action was brought is set out *in haec verba* in the declaration, and is not ambiguous, it is for the court to determine its legal effect, uninfluenced by any subsequent averment made as a matter of conclusion of the pleader as to what its legal effect is; and such averment is mere surplusage, which does not affect the preceding material allegations in the declaration. Binz v. Tyler et al., 79 Ill. 248.

We can discover no ambiguity in the contract, and it seems to us remarkably clear and free from any fault of that character.

Inasmuch, then, as appellant's counsel have argued the

case upon the theory that by the terms of the contract appellant had a legal right to call upon appellee to deliver to appellant, free on board of the cars at Alton, as well as at Cairo, 4,000,000 feet of lumber, and upon failure to so make the delivery, appellee became liable to appellant for a breach of the contract, and as appellee's counsel have argued the case upon an exactly opposite theory as to the delivery of the extra 1,000,000 feet over 3,000,000 feet, we feel it may be unjust to the parties not to consider and determine the only question actually raised in the case by them, which is, with which party did the option rest, to complete the sale of the 1,000,000 feet of lumber above 3,000,000 feet? It is well settled law, that parties may make contracts binding only on one side at the time when entered into, but which may thereafter become binding on both sides at the option of one of the parties to it, and the contract sued on in this case is of that character; but the option to make the contract complete was not given to either party in express terms; and assuming for the present that, from anything appearing in the contract, it was not given by implication, it remains only for the law to declare with whom the option rests.

On this question there seems to be scarcely any disagreement among the authorities, as substantially all hold to a rule that would give the option to appellee, since it would have to do the first act to make the contract complete, by delivering the lumber. Coke upon Littleton, 145 a; Benjamin on Sales, Sec. 359; 2 Parsons on Contracts, *657; Chitty on Contracts, 729; Small v. Quincy, 4 Greenleaf (Me.), 497; Chippendale v. Thurston, 4 Carrington & Payne, 98; Disborough v. Neilson, 3 Johnson's Cases, 81; Metz v. Albrecht, 52 Ill. 491; Standard Sugar Refinery v. Castano, 43 Fed. Rep. 279.

Counsel for appellant do not dispute the rule announced, but their contention is, that in the light of the surrounding conditions and circumstances in which the parties were placed at the time the contract was made, and especially by the use of the words " as wanted " in the second sentence

of the contract, the right to demand the delivery of 4,000,000 feet of lumber was in appellant.

We have already said that we are unable to discover any ambiguity in the contract, and as was said by the Supreme Court in Fowler v. Black, 136 Ill. 363, " Where there is no ambiguity in the terms used, or where the language of the instrument has a settled legal meaning, the instrument itself is the only criterion of the intention of the parties and its construction is not open to oral evidence," so it must be said here.

The contract was drawn by appellant, and it must be presumed that it knew the law that gave to appellee the option to deliver, or withhold from delivering, the 1,000,000 feet of lumber, concerning which this controversy has arisen, and would, if it had intended to reserve the option to itself, have so provided in the contract, in plain terms.

But it is urged that the words " as wanted " in the second sentence of the contract gave the option to appellant. The entire sentence reads as follows :

" This lumber to be delivered as wanted, between September 1st, '96, and January 1st, '98."

This language has, in our opinion, but one meaning, and that is, it reserved to appellant the right to fix the time and manner of delivery of the lumber absolutely purchased, as well as the time and manner of delivery of the extra 1,000,000 feet, in case appellee should elect to ship it, so that appellee could not deliver all of the lumber at one, or a few shipments, when appellant did not need it, and was not prepared to receive it. The words have relation to the manner of delivery only, and not to the option of a purchase of 1,000,000 feet of lumber; they do not perform two offices.

We are of opinion that the lumber was to be delivered free on board the cars at Cairo, and since the contract is set out *in haec verba* in each of the counts of the declaration containing an averment that the place of delivery was Alton, the contract as to the place of delivery must govern the pleading, and the averment that the lumber was to be delivered at Alton is surplusage. Binz v. Tyler et al., *supra.*

As it is averred in each count of the declaration that the defendant failed to deliver the amount of lumber the contract showed it had agreed to deliver, the court erred in sustaining defendant's demurrer to plaintiff's declaration, and in rendering judgment against plaintiff for costs, and for these errors the judgment is reversed and the cause remanded.