# R. A. Wells Lumber Company, Plaintiff in Error, v. Jonathan Dunfee, Defendant in Error.

## Gen. No. 16,618.

STATUTE OF LIMITATIONS—*what "evidence of indebtedness in writing." Held,* that the instrument set forth in this opinion was an "evidence of indebtedness in writing" withing the meaning of section 16 of the Statute of Limitations notwithstanding it did not fix a time of payment for the merchandise provided to be delivered.

Error to the Municipal Court of Chicago; the HON. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed May 23, 1912.

ATWOOD, PEASE & LOUCKS, for plaintiff in error; BURRELL J. CRAMER, of counsel.

HARRY A. BIOSSAT, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On March 29, 1909, R. A. Wells Lumber Company, a corporation, plaintiff in error and hereinafter referred to as plaintiff, brought suit in the Municipal Court of Chicago against Jonathan Dunfee, defendant in error and hereinafter referred to as defendant, to recover the sum of $123.75 and interest. In plaintiff's "statement of claim" it is stated that said claim "is for $123.75, with interest at 5% on a written contract or evidence of indebtedness by said defendant, whereby said defendant undertook and promised to pay plaintiff on demand the sum of $123.75, with interest thereon, a copy of which said writing is in words and figures as follows, to-wit:

"Sold subject to our inspection only.

No. 13250.                    CHICAGO, Sept. 16, 1899.

Received from R. A. Wells Lumber Co., S. W. Cor. Clark & 22nd Sts., 2743 ft. 1″ Walnut.

This lumber is to be $45.00 per M ft.

J. DUNFEE."

On April 21, 1909, the defendant filed an affidavit of merits in which defendant stated that his defenses to said claim were:

1.  That said suit "is not brought on said instrument, but is brought on the lumber mentioned therein, and is an open account barred by the statute of limitations."

2.  That defendant never accepted said lumber and never received same.

3.  That said lumber was not up to grade and was refused by defendant upon tender to him for that reason, and has never been accepted or received by defendant.

4.  That defendant never signed said instrument.

A trial was had before the court without a jury, resulting in a finding for the defendant, upon which finding judgment for the defendant was entered, to reverse which this writ of error is prosecuted.

It appears from the "Statement of Facts" in the transcript that on September 16, 1899, defendant called the president of plaintiff, R. A. Wells, on the telephone and said to Wells that he wanted a wagon load of the best walnut lumber, and would pay $65 per thousand feet for it; that Wells replied that plaintiff had the lumber and would send it; that on the same day, plaintiff sent one of its drivers, Charlie, with a wagon load of walnut lumber to defendant's yard, giving Charlie at the time the usual delivery ticket, which was printed and written in the following words and figures:

"Sold subject to our inspection only.

No. 13250.                    CHICAGO, Sept. 16, 1899.

Received from R. A. Wells Lumber Co., S. W. Cor. Clark & 22nd Sts., 2743 ft. 1″ Walnut.''

That Charlie gave this delivery ticket, in the above form to defendant when he arrived at the yard with the lumber; that defendant looked at the lumber and told Charlie that it was not what he ordered and that he would not accept it, whereupon Charlie reported this fact by telephone to Wells; that thereupon defendant talked to Wells over the telephone and told Wells that he would pay $45 per thousand feet for said lumber, but would not pay $65, and Wells told defendant that the latter could have the lumber for $45 per thousand feet, and requested defendant to tell Charlie to unload it; that Charlie unloaded the lumber in defendant's yard, and after the same had been unloaded, defendant returned the said delivery ticket to Charlie with the following written upon it by defendant:

"This lumber is to be $45.00 per M ft.

J. DUNFEE.''

That Charlie delivered said delivery ticket to Wells and plaintiff immediately thereafter mailed defendant an invoice of said lumber at $45 per thousand feet; that said lumber has never been paid for, and that this suit was brought within ten years from the date when the cause of action accrued.

On the trial the court held that the instrument sued on was not a written contract, neither was it "such an evidence of indebtedness in writing upon which an action could be commenced within ten (10) years next after the cause of action accrued.'' It was upon this ruling alone that the finding and judgment of the court were based.

Section 16 of Chapter 83, Rev. Stat. Ill., provides that "actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evi-

dences of indebtedness in writing, shall be commenced within ten (10) years next after the cause of action accrued; * * * ."

We are of the opinion that said instrument, by its terms and under the particular facts in evidence, is such an evidence of an indebtedness in writing as to allow this action to be maintained under said statute. We do not agree with counsel for defendant in his contention that the instrument is "merely a receipt evidencing performance of a prior executed oral contract." It is something more. After defendant had had his talk with Wells over the telephone, in which, as above stated, defendant told Wells he would pay $45 per thousand feet for the lumber, and in which Wells told the defendant that defendant could have the lumber for that sum per thousand feet, defendant did not merely sign his name to the delivery ticket and hand the same to the driver, but he wrote on said ticket the words "this lumber is to be $45.00 per M ft." and then signed his name underneath. We think this is such an evidence of indebtedness in writing as is contemplated by the statute. On the face of this instrument we find the names of both plaintiff and defendant, the subject-matter, viz: 2743 ft. 1″ Walnut lumber, the amount *to be* paid, viz: $45.00 per M ft. and the date of the sale, viz: Sept. 16, 1899, and that the lumber sold has been received by the defendant on the date mentioned. It is true that on this instrument it is not disclosed when the lumber is to be paid for, but the law will presume in such a case that payment is due at the time of the delivery of the lumber. Metz v. Albrecht, 52 Ill. 491.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*