(No. 14886.—Judgment affirmed.)

THE SPERRY & HUTCHINSON COMPANY, Appellant, *vs.*
SIEGEL, COOPER & CO., Appellee.

*Opinion filed June 20, 1923—Rehearing denied October 5, 1923.*

1. CONTRACTS—*when trading stamps may be redeemed in cash
or merchandise, at option of promisor.*  Where trading stamps or
coupons issued by a mercantile corporation as an inducement to
trade recite that they are redeemable in merchandise or cash, the
manner of their redemption rests with the promisor.

2. SAME—*what is not a breach of contract to redeem trading
stamps.*  A mercantile corporation which has issued trading stamps
or coupons as an inducement to trade does not break its promise to
redeem them in cash or merchandise by an assignment of all its
business to another firm, which assumes the obligation of redeem-
ing the stamps, where there is nothing in the contract embodied in
the coupons that prevents the promisor from assigning its obliga-
tion and where the assignee continues to redeem the coupons in
accordance with their terms.

3. SAME—*when trading stamps can be redeemed·only by cus-
tomers to whom they were issued.*  Where trading stamps or cou-
pons issued by a mercantile firm as an inducement to trade recite
that they are not transferable they can be redeemed only by the
customer to whom they were issued, and another firm which has
taken up the coupons in exchange for its own trading stamps can
not maintain an action in assumpsit for the value of the coupons
either in cash or merchandise.

APPEAL from the First Branch Appellate Court for the
First District;—heard in that court on appeal from the Cir-
cuit Court of Cook county; the Hon. D. M. BROTHERS,
Judge, presiding.

FRANK T. WOLCOTT, and NEWMAN, POPPENHUSEN,
STERN & JOHNSTON, (EDWARD R. JOHNSTON, and HENRY
JACKSON DARBY, of counsel,) for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, (HENRY RUSSELL
PLATT, of counsel,) for appellee.

309—13

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant brought suit against appellee in an action in assumpsit on 11,207,439 trading stamps, which appellee in its business as a department store had issued to its customers. The declaration contains twelve counts. The ground set out in each is, that the plaintiff therein is the *bona fide* owner by purchase from the prior owners of the stamps, and that such purchases were made between May 5, 1918, and May 21, 1918. The various counts of the declaration set out that defendant therein has failed and refused to redeem the stamps in accordance with the terms thereof. By some of the counts plaintiff claims to be entitled to the merchandise value of the stamps, amounting to $26,150.69, while other counts seek recovery of the cash value of the stamps, which is alleged to be $18,679.05. As a reason for bringing suit in assumpsit appellant avers in its declaration that on May 1, 1918, before it had acquired the stamps, appellee repudiated the contract as to the stamps by disposing of its merchandise to another department store in the city of Chicago known as the Boston Store, and that appellee had retired from business, thus rendering it incapable of redeeming the stamps in merchandise should they be presented by the holders thereof, and that it was therefore liable to appellant on account of the breach of such contract. Some counts of the declaration aver that the breach of contract arose out of the failure of the appellee to provide any other place or method, aside from its stock in store, whereby the stamps might be redeemed. Other averments were, that while the stamps contained a provision that they were non-transferable, appellee waived and had never enforced that provision. The declaration alleges that the appellant's claim arises out of its ownership of the stamps. Appellee filed a plea of general issue. The cause was heard by the court without a jury and judgment entered for appellee. On appeal to the Appel-

late Court the judgment was affirmed. The cause comes here on a certificate of importance.

Appellee was for many years engaged in operating a department store in which all classes of merchandise were sold, and in furtherance of its business it issued to its customers coupons or profit-sharing stamps for the purpose of advertising and to attract customers. They were issued to cash customers and to credit customers upon payment of their bills. One stamp unit was issued for each ten cents paid for merchandise in the store. The coupons bore in the upper corners the number of units which that coupon represented, as, for instance, a coupon representing a twenty-cent purchase would bear in its upper corners the figure 2, indicating two units. A two-dollar purchase would be represented by a coupon bearing in its corners the figures 20. A five-dollar purchase would be represented by a coupon bearing in the upper corners the figures 50, indicating that it represented 50 units, and so on. The coupons were in the following form:

"S I E G E L,  C O O P E R  &  C o.
*Profit-Sharing Stamps.*

. . . . . . . . . .                                          . . . . . . . . . .
  Stamps.              Siegel, Cooper & Co.              Stamps.  ·
            The Big Stores—Chicago's Economy Center.
"These stamps are redeemable in 75 departments of 'The Big Store,' as follows: 750·stamps in merchandise of value of $1.75 or in cash for $1.25; 1500 stamps in merchandise of value of $3.50 or in cash for $2.50. Subject to conditions on back hereof. Not redeemable in less amounts.
                                    SIEGEL, COOPER & Co."

On the back of these coupons was printed the following:

"THE BIG STORE'S PROFIT-SHARING PLAN.
*Not transferable.*
Redeemable only by the person to whom originally issued. Void if mutilated or altered.
Chicago's Economy Center."

By its terms the coupon was made redeemable in merchandise or in cash and was non-transferable. The conten-

tion here made by appellant is, that while the stamps by their terms were non-transferable, appellee had breached the contract embodied in the stamps, and that appellant, having acquired them after such breach, took by assignment from the original holders their cause of action arising on the breach of such contracts, and that while the coupons themselves were not assignable such cause of action so arising is assignable, and that as such assignee it had a right to damages for such breach.

It will be noted .that of the various counts of the declaration all but one are predicated on the terms of the contract embodied in the coupons themselves and not on the rights of an assignee of a cause of action. But pursuing the argument of counsel for appellant to its conclusion, and conceding for the sake of so doing that appellant could take by assignment a cause of action arising on the breach of an unassignable contract, it will be seen that it is of importance to determine whether or not there has been a breach of the contract on these coupons.

The facts are for most part not disputed and are as follows: On May 1, 1918, the defendant closed its store and sold substantially all of its stock of merchandise to the Boston Store, which was located some four blocks from appellee's place of business. Its business was similar to that of appellee. Both stores had been conducting a general merchandise business common to large department stores. Under the contract of purchase the Boston Store took over the entire stock of appellee except certain departments which were not owned by appellee but leased by it to other operators. The Boston Store by the contract of transfer or purchase took over all accounts, bills receivable, chattel mortgages, installment contracts, and accounts of every character which the appellee at that time owned. It also specifically contracted that it would take over and redeem all outstanding trading stamps of the character here involved when the stamps should be presented to it in accordance with the

terms of the contract therein. The clause of the contract by appellee and the Boston Store relating to such stamps was as follows: "The purchaser hereby covenants and agrees that it will assume all obligations existing against the vendor by the holders of outstanding 'Siegel, Cooper & Co. profit-sharing stamps' heretofore issued by said vendor. The amount of such outstanding obligations, as shown upon the books of the vendor, shall be listed and all books and accounts relating thereto shall be delivered to the purchaser, and the purchaser contracts and agrees that it will redeem such stamps when presented according to the contract evidenced by said stamps." This sale to the Boston Store carried with it the transfer of all trade-marks, styles of advertising, cuts and trade names. Appellee agreed not to engage in the sale of merchandise for a period of nine months. Immediately upon the completion of this contract the Boston Store took possession of the merchandise and moved it to its own store, advertising in the public press that it would redeem the appellee's trading stamps in any amount, from 1 to 10,000, for any merchandise in the Boston Store. Great numbers of these trading stamps were so redeemed by the Boston Store. The only stamps which the record shows it ever refused to redeem were those presented to it by appellant and involved in this lawsuit. Appellant is a corporation engaged in the trading-stamp business. Its method of transacting business is to furnish its own trading stamps to retail dealers in merchandise, who, in turn, issue them to their customers for sales made. Appellant's stamps are known as the S. & H. Green Trading Stamps. The stamps are given out by the retail dealer to his customers in accordance with the amount of purchases made, and the customer may have them redeemed by appellant, which carries a variety of merchandise for that purpose. Success of appellant's business depends upon the amount of its stamps used by the retail dealers. Any increase in the

use of such stamps, therefore, is beneficial to the business of appellant.

At the time of the contract of transfer between appellee and the Boston Store, and prior thereto, there was also in Chicago, operating a department store on the same lines as the appellee and the Boston Store, another corporation known as Rothschild & Co. This latter company had been using the appellant's trading stamps. They were similar in their character to those used by appellee. After appellee's sale appellant arranged to furnish Rothschild & Co. appellant's trading stamps to be used in exchange for appellee's stamps. Rothschild & Co. advertised in the press that it would exchange, stamp for stamp, appellant's stamps for appellee's stamps. The record shows that this was done for the purpose of attempting to bring the former patrons of appellee to Rothschild & Co.'s place of business. The latter in its advertising referred to the closing of appellee's store, and intimated that it was selling merchandise at store-closing values. It seems clear from the evidence that the purpose of it was to get the benefit of the good will which appellee had enjoyed and which it had transferred to the Boston Store. Rothschild & Co. in this way accumulated over 12,000,000 of appellee's stamps, giving in exchange therefor stamps of appellant. The stamps so accumulated by Rothschild & Co. were turned over to appellant, who thereupon sought to cause their redemption by the Boston Store by sending different persons to present them in small quantities from time to time. Under the direction of a representative of appellant, Rothschild & Co.'s employees took these stamps over for redemption. F. L. MacFarland, of the appellant company, testified that he knew that the Boston Store and appellee claimed these coupons were not transferable, and that he gave them in small quantities to different persons to present to the Boston Store, so that the latter would not find out that they were not being presented by the original purchasers and were not *bona fide;* that if he gave a num-

ber of coupons to a woman who looked like an ordinary merchandise purchaser and she took them to the Boston Store and the latter believed her to be one of appellee's customers it would redeem them; that he told persons who were sent to redeem the stamps to go into the Boston Store just as if .they were purchasers and not to say where they got the stamps.    His testimony shows that appellant suggested this scheme and must therefore be held to have known that the Boston Store and appellee claimed that the stamps were non-transferable.    In this manner over 800,000 of appellee's stamps were redeemed by the Boston Store when presented by representatives of appellant and Rothschild & Co.    The Boston Store received information that the redemptions were being made for the benefit of appellant and that persons presenting them were agents of appellant and not the original purchasers, and that store refused to make any further redemptions, either in cash or merchandise, to such persons on the ground that the stamps were not transferable and were redeemable only to the original purchaser. The stamps were then presented to appellee with a demand for redemption, which was refused for the same reason.

Whether or not there has been a breach of the contract of appellee depends upon whether or not there has been a refusal to redeem these coupons in accordance with their terms.    Appellant contends that the record shows that appellee waived the limitation as to transferability.    As appellant seeks the benefit of such waiver it must allege the same in its declaration and prove it, for the plain language of the coupons prohibits such transfer.    Appellant in the record made does not sustain the burden cast upon it to prove a waiver of this provision.    While the record shows by one witness that the only time that a party presenting the coupons for redemption was questioned as to where the coupons were procured was when an employee presented a large number, and that the purpose of such inquiry was to determine whether or not the employee was withholding

them from the customers or had acquired them in some way other than as a purchaser or customer, this is not sufficient to show a waiver of the right.   Appellee, so far as the record shows, may have been satisfied that in all instances where these coupons were presented to it they were presented by customers.   The record does not show a waiver of that right.   The refusal of the Boston Store, as assignee of appellee, to redeem the coupons presented by appellant is evidence that as such assignee the Boston Store was insisting on that provision.   Moreover, the testimony of Mac-Farland, who the record shows was representing appellant in the accumulation of these stamps, shows that appellant itself not only considered the stamps non-transferable, but that by surreptitiously seeking the redemption of the stamps through persons unknown to the Boston Store, for the purpose of preventing the raising of the question, showed that it believed that the Boston Store would insist on that part of the contract.

There being no waiver of the provision concerning non-transferability, we come to the question whether there was a breach of the contract on the part of the appellee.   The coupons were to be redeemed in merchandise or in cash, and under the rule as established in this State the option as to the manner of redemption rests with the promisor. (*Metz* v. *Albrecht,* 52 Ill. 491.)   This is the general rule in this country.   (*Smith* v. *Sanborn,* 11 Johns. 59; *Meyer* v. *Dwinell,* 29 Vt. 298; *Strout* v. *Joy,* 108 Me. 267; *Nashua and Lowell Railroad Corp.* v. *Nutting,* 81 Mass. 25; *Foster* v. *Goldschmidt,* 21 Fed. 70; *McNitt* v. *Clark,* 7 Johns. 465; 13 Corpus Juris, 697.)   While the evidence does not disclose that appellee ever declined to allow a preference as to the manner of redemption when such was expressed by a customer, the language of the coupons gave it the right to exercise its option had it chosen so to do; and even though it be conceded,—which we do not,— that appellee by selling its stock of merchandise made per-

formance of its coupon contracts impossible so far as redemption in merchandise was concerned, it had the right to redeem in cash, and it is not shown that it ever refused to redeem, either in cash or merchandise, at any time stamps were presented by the original holder. The record is wholly barren of any evidence of complaint by a customer that redemption of his stamps, either in cash or merchandise, has ever been refused either by appellee or the Boston Store. Appellee, subsequent to the disposal of its stock to the Boston Store, told those who presented certificates to it that it had gone out of business and that the Boston Store, as its assignee, would honor the coupons in accordance with their terms. Where it is shown, as here, that cash or the same class of merchandise might be had as the promisor was to give and the coupons redeemed as provided by their terms, a statement by the promisor that his assignee would redeem the coupons does not constitute a breach of contract. There is nothing in the contract embodied in the coupons that prevents the promisor from arranging for the assumption of its obligations by the Boston Store. Such assumption by the Boston Store of such obligations did not constitute a breach of appellee's contract unless the Boston Store refused to redeem the coupons in accordance with their terms. The record shows the Boston Store did not at any time refuse so to do. These stores were conducting the same kinds of business, selling the same lines of merchandise. The stock out of which these coupons were to be redeemed was taken over by the Boston Store, and there is nothing in the record to show either that the value of the coupons was in any way impaired by the transfer or that there had been any refusal to redeem them according to their terms. In the absence of such a showing the transfer of appellee's obligation to the Boston Store was not a breach of the contract, therefore the ground upon which appellant's suit is predicated falls away. These stamps were not negotiable instruments. The burden rested upon the appellant,

under its declaration, to show that it had a right to enforce the collection of its claims under them. It was admittedly not the original holder. The record shows that it considered these stamps as not transferable by reason of the method by which it sought their redemption. The purpose of the provision concerning their redemption was to aid the one who issued them in establishing a closer and continuous relation between himself and his customers by having the customer redeem the coupons. No one else has any right to traffic in these stamps. By numerous cases in this country, by which appellant here sought to disregard the non-transferability of such stamps, such feature has been sustained. (*Sperry & Hutchinson Co.* v. *Weber,* 161 Fed. 219; *Sperry & Hutchinson Co.* v. *Mechanics' Clothing Co.* 128 id. 800, and 135 id. 833; *Sperry & Hutchinson Co.* v. *Fenster,* 219 id. 755.) There having been no breach of the coupon contracts there can be no cause of action for such breach, and appellant's contention that it may properly be the assignee of a cause of action arising on the breach of a non-transferable contract is beside the issue. It is apparent to us that appellant attempted to traffic in these stamps to its own advantage and to the detriment of appellee and the Boston Store, by using them without any right and in a manner not justified by the contracts themselves.

Other questions are raised in the briefs of counsel, but under the view we take of the questions here discussed the judgment of the Appellate Court must be affirmed, and it is not necessary to discuss further issues raised.

The judgment of the Appellate Court affirming that of the circuit court will be affirmed.          *Judgment affirmed.*