E. Howard Ringrose, J.
This is an action for an injunction enjoining and restraining the defendant, Theodore Berkeley, his agents, servants and employees from exchanging, buying, selling or dealing in S. & H. green stamps.
Plaintiff, the Sperry and Hutchinson Company, is a New Jersey corporation and has been engaged in the trading-stamp business throughout the United States since 1896. The principal office of the plaintiff is in the City of New York, and it is duly qualified to do business in this State.
The plaintiff is in the business of selling to selected retail merchants S. & H. green stamps, which the merchants give as a bonus to their customers in proportion to the cash value of their purchases. The stamps are pasted in a stamp book supplied by the merchants to customers and may be used by them to acquire merchandise at the stores maintained by the plaintiff for that purpose.
It was disclosed on the trial that it has over 5,000 licensees in the State of New York and has contracts for its trading-stamp service with over 70,000 retail merchants throughout the United States. Approximately 300 merchants in the Utica, New York, area have contracted for the service. The plaintiff corporation grossed $344,000,000 in 1962 which represents the cash payments *332 of the various merchants for the S. & H. stamp service. The plaintiff spends in excess of $15,000,000 annually in advertising its service.
The defendant is engaged in the business of operating a ‘ ‘ National Stamp Bank ” and for a fee, buys, sells and exchanges trading stamps, including the S. & H. stamps of the plaintiff. According to the proof, there are over 400 trading-stamp companies operating in the United States.
The plaintiff, in its complaint, bases its right to the relief it seeks on five grounds, summarized as follows: (1) that the defendant’s operation constitutes unfair competition; (2) that it illegally interferes with the license agreements between plaintiff and various merchant licensees; (3) that it constitutes an illegal inducement to collectors of S. & H. stamps to breach their agreement with plaintiff’s licensees and plaintiff itself; (4) that defendant is holding himself out as a participant in the S. & H. system and is misappropriating it to his own advantage, and (5) that the defendant is appropriating to himself the good will built up by the plaintiff.
The sum and substance of the plaintiff’s claim is that the defendant is appropriating a property right of the plaintiff for his own financial gain — which poses the issue as to whether a proprietary interest in the stamp is retained by the plaintiff after issuance by a licensed retailer to a customer.
The basic concept upon which the trading-stamp appeal is based springs from the theory that the business of merchants in competitive lines of merchandise in the same general locality will be enhanced by the bonus in the form of trading stamps which customers receive with purchases of merchandise. It thus is logical to assume that merchants in noncompetitive lines of merchandise in the same general area, particularly shopping centers, who are licensed by the same stamp company, tend to develop a co-operative spirit and are favored by the stamp-conscious shopper over those who do not dispense stamps or dispense stamps of an inferior value. If nonlicensed merchants could purchase trading stamps of the plaintiff or of any other stamp company on the open market, the co-operative aspect of the trading-stamp appeal would be destroyed and the business of the plaintiff ruined.
The contention of the defendant that possession of the stamp by a customer of a licensed retail merchant confers title cannot be sustained. It is expressly stated in the S. & H. stamp collector’s book that the only right the customer recipient acquires in S. & H. stamps is to present them to the plaintiff for redemption. The collector’s stamp book contains the restriction on *333 transferability on the inside cover which, in part, reads as follows: “ Neither the stamps nor the books are sold to merchants, collectors or any other persons, at all times the title thereto being expressly reserved in the Company, and the right to possession thereof is reserved to it, subject to the rights of the merchants and their customers under the contracts with the Company.”
A limitation, similar in substance, is printed on the pads of stamps delivered to the licensees in their contract with the plaintiff.
The restrictions of the various stamp companies against the transferability of their respective trading stamps have been uniformly enforced by the courts.
The defendants in the Sperry and Hutchinson Co. v. Rance (unreported, Super. Ct. of Okla. County, Okla., No. 363, Oct. 26, 1962) were trading-stamp brokers. In granting a permanent injunction, the court found: “ The plaintiff, by notice contained in its license contracts, the pads in which it supplies its stamps to its licensees and in its stamp collectors’ books, has retained title to its stamps and made them non-transferable. ”
The foregoing decision followed the reasoning in Sperry & Hutchinson Co. v. Weber & Co. (161 F. 219 [Circ. Ct., N. D. Ill., E. D., 1908]) and Sperry & Hutchinson Co. v. Siegel, Cooper & Co. (309 Ill. 193).
The defendant, in offering to purchase, sell, or trade the trading stamps of the plaintiff and of other stamp companies, constitutes an unauthorized use of plaintiff’s trading stamps and unlawfully interferes with the fulfillment of its contracts with its licensees and their customers. Moreover, it is an unlawful appropriation of the plaintiff’s stamps and good will and constitutes unfair competition.
Said the court in Sperry & Hutchinson Co. v. Siegel, Cooper & Co. (supra, pp. 201-202): “ These stamps are not negotiable instruments. * * * The purpose of the provision concerning their redemption was to aid the one who issued them in establishing a closer and continuous relation between himself and his customers by having the customer redeem the coupons. No one else has any right to traffic in these stamps. By numerous cases in this country, by which appellant here sought to disregard the non-transferability of such stamps, such feature has been sustained. (Sperry & Hutchinson Co. v. Weber, 161 Fed. 219; Sperry & Hutchinson Co. v. Mechanics’ Clothing Co., 128 Fed. 800 and 135 Fed. 833; Sperry & Hutchinson Co. v. Fenster, 219 Fed. 755.) ”
*334 It is settled law that interference with valid contracts and unfair competition constitute actionable wrong and are enjoin-able. (Posner Co. v. Jackson, 223 N. Y. 325; Campbell v. Gates, 236 N. Y. 457; Sperry & Hutchinson Co. v. Mechanics’ Clothing Co., 128 F. 800 and 135 F. 833; Metropolitan Opera Assn. v. Wagner-Nichols Recorder Corp., 199 Misc. 786, affd. 279 App. Div. 632; Dior v. Milton, 9 Misc 2d 425, affd. 2 A D 2d 878.)
The plaintiff submitted, with its brief, an appendix citing upwards of 50 court decisions, briefly summarized, throughout the United States, the majority, of which were not officially reported, sustaining the nontransferability of the plaintiff’s stamps and enjoining trafficking therein by others.
The applicable law applies as well to premium coupons (People v. Berger, 142 Misc. 178), theatre tickets bearing the legend ‘ ‘ nontransferable ” (Tyson & Brother v. Banton, 273 U. S. 418, 440; Collister v. Hayman, 183 N. Y. 250), tickets to ball games (Levine v. Brooklyn Nat. League Baseball Club, 179 Misc. 22) and railroad tickets (Bitterman v. Louisville & Nashville R. R., 207 U. S. 205, 221; Cantor v. Pennsylvania R. R. Co., 155 Misc. 805).
Although there has been no memorandum of law submitted by the defendant, it vigorously argued, at the close of the evidence, that the plaintiff was in court with unclean hands and the complaint should be dismissed. The doctrine of unclean hands is rejected, as the conduct of the plaintiff relied on did not relate to the defendant, and moreover, there was no evidence of inequitable conduct on the part of the plaintiff. (Weiss v. Mayflower Doughnut Corp., 1 N Y 2d 310, 316.)
The composite demonstration, from the proof submitted, amply warrants judgment in favor of the plaintiff and for the relief demanded in the complaint in the form of a permanent injunction, with costs.