### SPERRY & HUTCHINSON CO. v. FENSTER et al.

(District Court, E. D. New York. January 16, 1915.)

1. MONOPOLIES ⊜⇒17—STATUTES—TRADING STAMPS.

Act Cong. October 15, 1914, c. 323, § 3, 38 Stat. 731, prohibiting the making of a contract fixing the price for merchandise on condition that the lessee or purchaser shall not use or deal in the merchandise of a competitor, if the effect of the contract is to substantially lessen competition or tend to create a monopoly, does not prohibit a trading stamp concern from restricting redemption privileges to subscribers under contract with it binding such customers to distribute stamps only to customers.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 13; Dec. Dig. ⊜⇒17.]

2. ASSIGNMENTS ⊜⇒5 — VALIDITY — TRADING STAMPS — REDEMPTION — "PROPERTY RIGHT."

Where complainant, a trading stamp concern, issued redeemable stamps only to subscribers under a contract by which the latter agreed to distribute the stamps only to customers, the right to redeem the stamps was a property right transferable by possession, while the license to use them for advertising purposes was not transferable without compensation to complainant, and hence complainant was entitled to enjoin the use of its stamps for advertising purposes by persons who had obtained them from subscribers in violation of the restriction.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 7-10; Dec. Dig. ⊜⇒5.

For other definitions, see Words and Phrases, First and Second Series, Property Rights.]

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Bill by the Sperry & Hutchinson Company against Murray Fenster and others. Application for temporary injunction granted.

John Hall Jones, of New York City, for plaintiff.
Prindle, Wright & Small, of New York City, for defendants.

CHATFIELD, District Judge. The plaintiff seeks a preliminary injunction against several defendants, one of whom is in default, one appears in person, and the others are represented by attorney. The latter raises objections which go substantially to the issuance of any injunction upon the bill and petition, so that the matter will be considered in its entirety.

The papers show the usual condition presented in similar suits in which the defendants have obtained S. & H. Green trading stamps, under conditions equivalent to a purchase from the subscribers for these stamps, and are giving them to their own customers, and advertising so to do, as an inducement for trading.

It has been previously held, in a number of cases, that the plaintiff can restrict the giving of Green trading stamps, as a present or premium to customers, to the so-called "subscribers" who obtain under contract the right to give out these coupons (exchangeable for various premiums) by paying a consideration therefor and by agreeing to distribute the stamps only to customers. In other words, the subscriber contracts not to assign or transfer the advertising benefits which he expects to obtain from his purchase of stamps to be given to his customers who thus acquire the privilege of selecting a premium by holding evidence of having traded with that particular dealer to a certain amount.

The defendants contend that the plaintiff's practice of seeking to enjoin (and even in certain state jurisdictions to punish by prosecution) dealers who are using such trading stamps as an inducement to their customers to transact business, without having subscribed for the right so to do, and without having obtained the stamps by payment therefor to the company issuing the stamps, is contrary to the present decisions of the United States Supreme Court and to the provisions of the laws forbidding monopoly.

[1] The last statute upon this subject, known as the Clayton Law, and approved by the President upon the 15th day of October, 1914, provides in section 3 against the making of a contract or fixing of a price for merchandise on condition that the lessee or purchaser shall not use, or deal in, the merchandise of a competitor, if the effect of this contract would be to substantially lessen competition or tend to create monopoly. This statute forbids the converse of the acts complained of in the present action, and we have nothing to do with what might happen if the Green trading stamp people were seeking to forbid the use by its subscribers of any other kind of trading stamps. This might or might not be a restriction upon competition or tend to effect a monopoly.

Nor does the case of Bauer & Cie v. O'Donnell, 229 U. S. 1, 33 Sup. Ct. 616, 57 L. Ed. 1041, 50 L. R. A. (N. S.) 1185, control the present application. If the Sperry & Hutchinson Company refused to redeem

their coupons solely upon the ground that the coupons had been transferred after purchase from a subscriber, the Bauer Case, supra, would necessitate the ruling that such refusal to redeem would be justified only in case the party seeking to redeem had induced or knowingly assisted in some breach of contract.

The case of Bobbs-Merrill Co. v. Straus et al., 210 U. S. 339, 28 Sup. Ct. 722, 52 L. Ed. 1086, cited by the defendants, and the case of Dr. Miles Medical Co. v. Park & Sons Co., 220 U. S. 373, 31 Sup. Ct. 376, 55 L. Ed. 502, decide that the vendor of goods which had been once sold at a price giving to that vendor all the profit which it could ask could not then restrict the further sale, at a loss, to the party making the resale.

Inasmuch as it was held that the rules of business competition did not require and would not allow the prohibition of transfer of articles in a way which would not affect the rights of the original vendor, the contracts seeking to prevent the subsequent sales were held to be in restraint of trade, contrary to the Sherman Law and the principles of common law.

[2] But the sale of trading stamps is much more like the transactions considered in Henry v. A. B. Dick Co., 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, Ann. Cas. 1913D, 880, in that the reason for insisting upon a contract is to restrict the sharing in a certain legitimate privilege, to those who pay for the privilege, and to prevent, by a mere transfer of the trading stamps, the bestowal of the advantage of giving out the stamps, and of getting trade thereby, upon any person who might by holding the stamps be entitled to claim the rights of redemption.

It is evident that the intent and acts of persons taking the stamps and seeking to redeem them for a certain premium, and also the resultant benefits to that person, are entirely different and are based upon substantially different rights from those of a party who is seeking to attract customers and to build up his own trade through the privilege of dealing, as it were, in trading stamps, without payment for that privilege and with no intention of getting the goods for which the stamps are redeemable.

The right to redeem the stamps is a property right transferable by possession while the license to use them for advertising purposes is not transferable without compensation, to the person granting that right, viz., the plaintiff herein.

This is exactly the distinction which seems to have been had in mind by Judge Thomas of this court in the case of Sperry & Hutchinson Co. v. Benjamin Benjamin et al., 221 Fed. 512 (March 27, 1905), and it is unnecessary to postpone the determination of this question as now raised until final hearing, for the reason that the defendants do not plead ignorance of the existence of some contract under which the trading stamps were issued; nor are they merely claiming to be innocent holders of particular stamps for which they have given a valid consideration. They are, on the contrary, insisting upon their right to knowingly and deliberately purchase from the licensee the benefits granted for a limited use and which they know could only be obtained by themselves by paying for one of the contracts above referred to.

The distinction suggested by the defendants, that they have not sought to induce anybody to break the contract, but that they have purchased these stamps in the open market, is no defense, in the face of actual notice to them that the stamps are not and could not be obtained from the Sperry & Hutchinson Company, except by some one who had entered into a subscription and paid for the privilege of obtaining them.

Temporary injunctions will issue.