Aron Steuer, J.
Both plaintiff and defendant operate employment agencies supplying temporary help to employers. In this business it appears that in addition to being known to their customers (the employers) a favorable reputation with the employees whom they place is a very important factor.
Plaintiff is a corporation. It was preceded in the business by a partnership composed of the people who are now its principal officers. The business started in 1944 and was incorporated in 1950. The name used was “ General Calculating Service Co.” In 1952 plaintiff adopted as its trade-mark the name “ Office Temporaries ” and in September, 1953 changed its corporate name to Office Temporaries, Inc.
Defendant is an individual who has been doing business under the trade name Office Help Temporaries for about three years, hut defendant did not register the name until May 6, 1956.
Plaintiff has its offices and the placement of its employees is almost exclusively in Manhattan. Defendant has his office in White Plains and his placements are in Westchester and southern Connecticut but he does advertise in New York City papers to establish contacts with office workers who desire placement in Westchester.
Defendant denies any attempt to trade on plaintiff’s reputation. He explains his adoption of the name as follows: The firms who are engaged in this business, and there are many of them, are listed in the classified telephone directory as “ Office Help Temporary ’ ’.
The application here is stated to be pursuant to section 964 of the Penal Law. That statute is limited to' the instances where the similar name is adopted with intent to deceive or mislead the public. As indicated any such intent is denied and the denial substantiated by facts quite sufficient to raise an issue. It is true that the statute dispenses with the necessity of proof that the public or any member of it was actually misled. But this does not relieve against a showing of an intent to mislead.
If it be argued that the adoption of the name shows such an intent or that the injunction should issue on general equitable grounds quite aside from the statute other factors require consideration. Certain words are of such general use or are merely descriptive so that no protection as to them is granted without the presence of other means to deceive the public (Wholesale Supply Corp. v. Wholesale Bldg. Materials Corp., 280 App. Div. 189; Matter of Industrial Plants Corp. v. Industrial Liquidating Co., 286 App. Div. 568). Here the important word in the two titles is “ Temporaries ”. This word is a colloquialism *575 obviously derived by giving a plural form to the adjective * ‘ temporary”. In the sense that this is ungrammatical and that correctly speaking ‘ ‘ temporaries ” is not a word in the language, the term might be described both as fanciful and original. Courts generally afford such words protection either on the theory that a second adoption of such a name is too coincidental to be entirely innocent or that the first user in entitled to exclusive enjoyment. The question here is whether the term rightly is to be so considered. It may well be that in this field a temporary employee is referred to as a “temporary” and employees as “ temporaries ”. If the use is general exclusive appropriation could not be had. The issue is one of fact.
It is well to point out that the situation here is of like but not exactly similar names. In the latter case different rules apply. Where names of somewhat alike are used and the resulting similarity stems from terms of general application the courts must assume that the public will use reasonable intelligence and discrimination in distinguishing them. This is not possible where the names are exactly alike.
For the reasons indicated a temporary injunction is not warranted. No great hardship is involved as the case can be fully tried as soon as the parties are ready.