Atkynt Steuer, J.
Plaintiff is a distiller and it and its predecessors have been in that business for 135 years. Among its products is a dry gin, admittedly of high quality. This gin has been marketed under the name “Beefeater ” for over a hundred years and in recent years has been advertised extensively in this country. Large amounts have been spent and apparently *693 th.e product has a good reputation and sales are substantial. It has a registered trade-mark in which the name Beefeater is the designating feature.
Defendant is a restaurateur. In February, 1957 it acquired a lease on premises at 141 East 45th Street for the purpose of operating a restaurant specializing in steaks and other beef dishes. The immediate section is well known for restaurants of this character. Defendant decided to call his restaurant “The Beefeater ” and caused the corporate defendant to be incorporated under that name. The restaurant opened for business on March 18, 1957. Twelve days prior thereto plaintiff learned about the then proposed venture and advised defendant of its trade-mark and that it would resist use of the name. Defendant nevertheless went ahead with his plans. The restaurant opened, defendant has spent money on. advertising and some of the decorations and appurtenances of the restaurant have the name on them.
The word beefeater is to be found in unabridged dictionaries but in its literal sense as an eater of beef it is virtually never used. It is also the nickname for the Tower of London guides who in former times were the yeomen of the guard. The name, born of the envy of the London populace, has survived. Plaintiff selected the name because it has a peculiarly British association and is immediately identified with the City of London. Defendant chose it as a poetic but apt description of one who would be likely to become a patron of the particular type of restaurant. From its nature it is the kind of word that a user is entitled to have protected.
There is little evidence to lead to the belief that defendant was induced to select the name by a desire to trade on plaintiff’s reputation or to mislead the public into a belief that there is some connection between the parties. Plaintiff’s advertisements feature a picture of a yeoman of the guard; defendant’s the coat of arms of the Ferrara family. It is true that defendant uses the same bold face type for the word beefeater that the plaintiff does. But this rather unimportant coincidence hardly evidences an evil purpose in the selection of the name.
Plaintiff’s product has one of its more important outlets to the public through restaurants. It is true that defendant’s type of restaurant does not feature potables but it admits that it sells liquors to its patrons. Association and identification in the public mind is more than a mere possibility. In a community more than usually name conscious the incidences of such an unusual and striking appellation are almost certain to arouse conjecture and then assumption of identity.
*694 It is not to be disputed that plaintiff is not required to put its reputation in defendant’s hands, no matter how capable those hands may be. There remains for consideration the balance of equities on the question of restraint pending trial. That balance is with the plaintiff. Defendant knew that he was facing just such action before he opened the restaurant. He and the corporate defendant went ahead with deliberate intent to stand on their rights. They are in no position to complain if the footing has proved unstable. Motion is granted. Settle order.