Benjamin Brenner, J.
Defendants Kollman and One Fifth Avenue Operating Corp. (hereinafter referred to as corporation) move to dismiss the amended complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. Plaintiff alleges in that complaint that he and the defendant Waring entered into a partnership contract under which the partnership would lease and operate the hat checking concession in a hotel owned by the corporation and managed by Kollman and equally share the profits therefrom. He alleges further that the concession was rented and that operation began but that the defendants Kollman and the corporation, with knowledge of the contract between plaintiff and Waring, maliciously induced Waring to breach it.
In order to state a cause of action for wrongful interference with a contract four elements must be present: (1) a specific valid contract for a definite time; (2) defendant’s knowledge of that contract; (3) a malicious inducement by the defendant of one of the parties to the contract to breach the contract and the breach thereof; (4) damages. (Israel v. Wood Dolson Co., 1 N Y 2d 116, 120; Hornstein v. Podwitz, 254 N. Y. 443, 448; Lamb v. Cheney & Son, 227 N. Y. 418, 421.)
In the instant case the complaint sets forth all the necessary elements except a definite time for the contract. Where the contract has been fully performed a definite time need not ncessarily be shown (Israel v. Wood Dolson Co., supra; Hornstein v. Podwitz, supra), but where it is a continuing one it must be shown. (Campbell v. Gates, 236 N. Y. 457; Lamb v. Cheney & Son, supra; Luisoni v. Barth, 2 Misc 2d 315.) The reason for this latter requirement can readily be appreciated here. If the contract was terminable at the will of either party or was only to run up to the time that it was allegedly breached, no action would lie for wrongful inducement to breach since *738 there would then have been no breach. (E. R. Squibb & Sons v. Shapiro, Inc., 64 N. Y. S. 2d 368.)
Plaintiff asks that the court imply the contract period as being the period of the lease of the hat checking concession, the acquisition of which was the primary purpose of the contract. The court cannot supply the implication requested on the facts pleaded, particularly as no lease period is pleaded.
The motion is granted, with leave to plaintiff to serve a second amended complaint within 20 days after service of a copy of an order herein with notice of entry.
Settle order on notice.