Henry A. Hudson, J.
The plaintiff has moved for an order pursuant to section 964 of the Penal Law restraining and enjoining the defendant from using the name “ 3 Hour Shirt Laundry ” in its business.
Before considering the merits of the plaintiff’s application, I will take up the question of whether the defendant’s answering affidavit should be considered upon the motion.
In conjunction with its notice of motion, the plaintiff required any answering affidavits to be served pursuant to rule 64 of the Rules of Civil Practice and served its notice of motion within the time required by the rule. The defendant failed to serve its *598 answering affidavit until after the return date of the notice of motion. Rule 64 of the Rules of Civil Practice provides that an answering affidavit may not be read in opposition to the motion unless the court, “ for good cause shown, shall otherwise direct.”
It appears that the motion was returnable May 9, 1960 but on that date was adjourned until May 16 at which time it was argued. The answering affidavit was sworn to May 11 and was served upon the plaintiff’s attorney by mail May 11, 1960 and received May 12,1960. He, therefore, had the affidavit five days before the motion was argued. In addition to this, the facts stated in the answering affidavit, were not of such a nature as to present facts other than a denial of those contained in the plaintiff’s affidavits. The court, therefore, feels that the provisions of rule 64 authorizing the court, “ for good cause shown ”, to consider such answering affidavit, have been satisfactorily fulfilled.
It is urged by the plaintiff that it was incorporated and commenced business in the City of Syracuse in 1933; that it also engages in business in the City of Bochester and that it has expended large sums of money in extensively advertising its corporate name and that such name has long been and is now favorably known throughout the Counties of Onondaga and Monroe in connection with its laundry and dry-cleaning business. The plaintiff alleges that the defendant maintains a neon lighted sign in the window of a dry-cleaning establishment operated by the defendant at 4141 South Salina Street in the City of Syracuse, New York, reading “ 3 Hour Shirt Laundry ” which plaintiff alleges is used for the purpose of deceiving and misleading the public and for the purpose of adopting and using such name as a part of the defendant’s assumed name for advertising and trade purposes. Plaintiff has submitted a photograph showing the lighted windows of the defendant’s establishment. There are three windows, the left-hand window contains what would ' appear to be a neon sign reading, ‘ ‘ Entrance Swan Cleaners, 7 a.m. to 9 p.m. ’ ’, a window containing a sign reading, ‘‘ 3 Hour Shirt Laundry ’ ’, and a third window reading, ‘11 Hour Cleaning ’ ’.
The defendant urges that the purpose of such sign is to advertise the period of time within which its particular services are rendered, namely, that it has 1-hour cleaning and a 3-hour shirt laundry. No facts are set forth in the moving affidavits from which the court could make any determination as to the actual intent of the defendant in using the sign ‘1 3 Hour Shirt Laundry The plaintiff’s allegation in respect to the defendant’s *599 intent to deceive and mislead the public is actually made on information and belief as no facts are set forth which would support the opinions expressed. While the defendant’s affidavit contains no facts except a denial of its intent to mislead or deceive, it does deny that purpose as alleged by the plaintiff and the photograph itself could support the defendant’s contention that the neon signs in question were being used to designate the period of the time for the services advertised. It, therefore, would appear to the court that there is presented upon the motion a question of fact which cannot be summarily determined upon the moving papers. Section 964 of the Penal Law reads as follows: “No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation with any other person, firm or corporation; nor shall any person, firm or corporation, with like intent, adopt or use as, or as a part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any address or designation of location in the community which may deceive or mislead the public as to the true address or location of such person, firm or corporation. A violation of this section shall be a misdemeanor. Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain said actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby.” This section provides a summary remedy by injunction to prevent the misleading or deception of the public. The right to injunction, however, must be established in a clear and convincing manner. (Snyder v. Kramer, 168 N. Y. S. 2d 79; Association Of Contr. Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495; Matter of Industrial Plants Corp. v. Industrial Liquidating Corp., 286 App. Div. 568; Matter of Fischer Spring Co. v. Fischer, 3 A D 2d 475.) The remedy being summary, *600 there is no procedure for the trial of controverted questions and an application, therefore, under section 964 should be denied where there are controverted, factual questions raised in the moving affidavits. (Matter of Fischer Spring Co. v. Fischer, supra; Matter of Industrial Plants Corp. v. Industrial Liquidating Corp., supra.)
In the case of Association Of Contr. Plumbers v. Contracting Plumbers Assn. (supra, p. 502), Judge Dye stated: “ Section 964 is drastic in scope and content. The summary relief authorized should be invoked only where there is conclusive evidence of intent ‘ to deceive and mislead the public ’. ’ ’ The court in Matter of Fischer Spring Co. v. Fischer (supra) in which, I believe, a similar question was presented, after pointing out the conflicting claims of the parties and the disavowal of the defendant of an intent to deceive, stated at page 477: ‘ ‘ All this, it seems to us, calls for adjudication in a plenary action.” The right to plenary action was upheld in Burroughs Ltd. v. Ferrara (8 Misc 2d 819), involving the use of the name, “ Beefeater ”. A permanent injunction was granted after a trial. The plaintiff had applied for a temporary injunction pending the trial of the action and a temporary injunction was granted (6 Misc 2d 692).
The plaintiff’s motion for an injunction under section 964 of the Penal Law is denied, without costs and without prejudice to such other proceedings or action as it may be advised will be appropriate.