Ellis J. Staley, Jr., J.
The petitioner seeks a permanent injunction pursuant to section 964 of the Penal Law restraining and enjoining the respondents from using the words “Lucky 13” or “ Lucky Channel 13” and the symbol of a four-leaf clover in their advertising and in connection with their business.
The petitioner, Van Curler Broadcasting Corporation, operates a VHF television station over Channel 13 with the call letters WAST. The respondents, Fairview Broadcasters, Inc., and Harry L. Goldman, president of said corporation, operate a daytime only radio station on a frequency of 1300 kilocycles with the call letters WEEE. Both corporations are duly licensed by the Federal Communications Commission and both serve the residents of the Capital District of the State of New York which includes the cities of Albany, Troy and Schenectady.
The petitioner has operated its television station since January, 1959 having invested more than $2,000,000 in the acquisition, promotion and the development of said station with a present daily audience of 300,000 homes and annual receipts from advertisers of more than $1,300,000. The petitioner has *1065 consistently identified its station on the air and in its advertising as “ Lucky 13 ” or “ Lucky Channel 13 ” and by the symbol of a four-leaf clover. The latter symbol contains the four call letters of the station, one on each leaf and the figure 13 in the center of the symbol. While the petitioner is on the air during the station breaks, it is identified to the viewing audience by the presentation on the television screen of a slide containing the identifying symbol with statements by the announcer of the words “ Lucky 13 ” or “ Lucky Channel 13 ”.
The respondents on or about November 1, 1961 commenced operating their radio station having the call letters WEEK with an assigned frequency of 1300 kilocycles. Prior to its operation the respondents advertised in Albany and Troy newspapers announcing the advent of the new radio station and adopted as a symbol contained in its advertising a streamer showing its call letters and a musical note superimposed over a background consisting of a nonsymmetrical representation of a four-leaf clover together with the words “Radio Station — Lucky 13 — 1300 kc on your radio dial ”.
On or about October 27, 1961 petitioner addressed a letter to the respondents requesting them to cease and desist from the use of the words “ Lucky 13 ” or the four-leaf clover symbol, which letter was responded to by respondents’ counsel claiming that, in their opinion, the use of said symbol would not mislead or confuse the public. The respondents further, in their supporting affidavits, deny any intent to deceive or mislead the public and further assert that the symbol used by the respondents so differed in character from the petitioner’s symbol as to preclude any deception or misleading of the public by reason of its use.
The petitioner seeks here to enjoin respondents’ use of the four-leaf clover symbol and the words “Lucky 13” or any variant thereof pursuant to section 964 of the Penal Law of tha State of New York.
The respondents have agreed and stipulated that any use by them of the word “ Channel” in the phrase “ Lucky Channel 13 ” was inadvertent and erroneous and that since November 2, 1961, they have desisted from using the word “ Channel” in any manner in their advertising or in their business.
Section 964 of the Penal Law provides as follows: “ No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation *1066 thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, ñrm or corporation
It has been held that before the remedy provided by section 964 should be granted the proof in support of the application should be clear and convincing that the statute is or may be violated or that the public is in present danger of harm through deception. (Association of Contr. Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495; Matter of Alexander’s Dept. Stores v. Cohen, 295 N. Y. 557; Matter of Industrial Plants Corp. v. Industrial Liquidating Co., 286 App. Div. 568; Matter of Fischer Spring Co. v. Fischer, 3 A D 2d 475; Matter of Heimowitz v. Steri-Clean Co., 11 Misc 2d 919; 3 Hour Laundry & Dry Cleaning Stores v. Swan Cleaners Syracuse Corp., 25 Misc 2d 597; Consumer Profit Sharing Co. v. Original Green Stamp Co., 29 Misc 2d 900.)
In Association of Contr. Plumbers v. Contracting Plumbers Assn, (supra, pp. 498, 502) the court in discussing section 964 of the Penal Law stated as follows: ‘ ‘ When the Legislature enacted section 964 of the Penal Law, it provided a new and summary proceeding not heretofore available by which an aggrieved party in a proper case, could obtain speedy and drastic relief without the delays incident to a plenary action (Matter of Julius Restaurant v. Lombardi, 282 N. Y. 126). This is not to say, however, that compliance with basic evidentiary rules may be dispensed with. The very nature of the remedy — -a permanent injunction — to be had without a trial on affidavits alone — requires that it be invoked only when the right thereto is established in a clear and convincing manner. Where basic factual allegations of violations are controverted summary relief may be denied * * * Section 964 is drastic in scope and content. The summary relief authorized should be invoked only where there is conclusive evidence of intent ‘ to deceive and mislead the public ’
WTdle the statute does not require proof that any person has, in fact, been deceived or mislead, the likelihood that reasonable persons will be misled is required to be established. As the court stated in the Matter of Industrial Plants Corp. v. Industrial Liquidating Co. (supra, p. 570): “the remedy may be invoked only when the right thereto is established in a clear and convincing manner, and it must be denied where basic factual allegations of violation are controverted ’ ’.
The remedy being summary there is no procedure for the trial of controverted questions and an application, therefore, under *1067 section 964 should be denied where there are controverted factual questions raised in the moving affidavits.
The respondents, by their affidavits, have denied any intent to deceive or mislead the public and further assert that under the circumstances their use of the symbol and words complained of are so different in character and purpose as to preclude any finding that their use could result in deceiving or misleading the public or to bring any injury, harm or danger to the petitioner.
The identity of a television station or radio station is primarily determined by its call letters and secondarily by its assigned channel or the number of kilocycles of its assigned frequency. The use of symbols or a descriptive word phrase is the exception rather than the rule. It has not been shown here that the advertising methods employed by the respondents and their use of the four-leaf clover symbol or the words “ Radio Station — Lucky 13 ” consisted of that species of fraud condemned by the statute. The proof is not conclusive that there was intent on the respondents’ part to mislead the public or that the public is in danger of harm through deception. (Hylan Homes v. Hylan Terrace, 11 A D 2d 1047; Office Temporaries v. Friend, 6 Misc 2d 573; Matter of Alicea v. Sanchez, 10 Misc 2d 196.)
Petitioner here has placed great reliance on the case Matter of Playland Holding Corp. v. Play Center (1 N Y 2d 300) which affirmed the granting of an injunction under section 964. In that case, however, there existed convincing evidence that the continued violation of the section would result in pecuniary loss to the petitioner. There is no such evidence presented here in petitioner’s moving papers. In the Playland ease it was clearly demonstrated by the evidence submitted that the respondents’ use of the words complained of would confuse and deceive the public to the petitioner’s detriment. In that case the court stated as follows (pp. 303, 305): “In the case before us, the extrinsic and objective circumstances compel the findings, made at Special Term, of guilty intent and of probability of deception. * * * It is the patronage of the wayfaring stranger which respondent stands to gain at petitioner’s expense, and, as already noted, the record requires the conclusion that such was respondent’s intention and hope ”.
In this application the court concludes that upon the affidavits presented the petitioner’s right to the drastic relief sought has not been established in a clear and convincing manner. In a plenary action, nevertheless, it may be that injunctive relief would be afforded the petitioner depending upon the evidence submitted therein by the petitioner.
*1068 The application is denied, without costs, and without prejudice to the bringing of such other proceeding or action as may be appropriate.